**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
rdurrant@kelleydrye.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (212) 808-7551
Facsimile: (213) 547-4901

*Attorneys for Defendant*
*Kendra Scott, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KENDRA SCOTT, LLC a Tennessee Limited Liability Company, d/b/a WWW.KENDRASCOTT.COM,<br><br>Defendant. | Case No. **'25CV2001 H    MSB**<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 25CU035457C]<br><br>Action Filed:      July 7, 2025<br>Complaint Served: July 29, 2025<br>Removal Date:   August 5, 2025 |

CASE NO.
NOTICE OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Kendra Scott, LLC ("Kendra Scott") hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  In support of removal, Kendra Scott states the following:

1. On July 7, 2025, Plaintiff filed a putative class action complaint against Kendra Scott in the Superior Court of California, County of San Diego, captioned *Miltita Casillas v. Kendra Scott, LLC*, Case No. 25CU035457C (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Kendra Scott "advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website at www.kendrascott.com (the 'Website')," and that "[t]his practice allows Defendant to fabricate fake 'reference price,' and present the actual price as 'discounted,' when it is not.  The result is a sham price disparity that is *per se* illegal under California law."  (*See* Compl. ¶ 1.)  Specifically, Plaintiff alleges that Kendra Scott violated California's False Advertising Law, Cal. Bus. & Prof. Code § 17501 (the "FAL"). (*Id.* ¶¶ 31–34) and California's Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq*. (the "CLRA").  (*Id.* ¶¶ 35–45).  Plaintiff also alleges that Kendra Scott is liable for common law fraud.  (*Id.* ¶¶ 47–48).

4. Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All persons who purchased any product from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price.

2

CASE NO.
NOTICE OF REMOVAL

(*Id.* ¶ 23.)

5. Plaintiff does not know the exact number of class members but "is informed and believes" that "there are at least 50 members of the Class." (*Id.* ¶ 25.)

6. On July 29, 2025, Kendra Scott accepted service of the Summons and Complaint. The time for Kendra Scott to answer or otherwise plead in the State Court Action has not expired.

7. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

8. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

9. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

10. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This Is a "Class Action" With More Than 100 Putative Class Members**

11. This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff's putative class includes more than 100 members. While

3

CASE NO.
NOTICE OF REMOVAL

1  Plaintiff alleges "that there are at least 50 members of the class," she seeks to represent all persons who purchased any product from Kendra Scott's website within the statute of limitations period. (Compl. ¶¶ 23, 25.) The statute of limitations for Plaintiff's causes of action are three years. *Abdala v. Cox Commc'ns, Inc.*, No. 3:22-cv-01290, 2025 WL 934448, at *4 (S.D. Cal. Mar. 27, 2025) (FAL and CLRA); *Pontier v. GEICO Ins.*, 775 F. Supp. 3d 1072, 1087 (S.D. Cal. 2025) (fraud).

13. Kendra Scott agrees that at least 100 individuals from California made purchases on its website within the last 3 years, satisfying this requirement.

**There Is Minimal Diversity of Citizenship**

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she a resident of California. (Compl. ¶ 4.) As such, Kendra Scott is informed and believes that Plaintiff is a citizen of California.

16. Further, all Class Members would be citizens of California. (*Id.* ¶ 23.)

17. For CAFA removal purposes, a limited liability company is domiciled (1) in the state in which it filed its articles of organization, and (2) the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Here, Kendra Scott is a Tennessee limited liability company with its headquarters located in Austin, Texas.

18. Kendra Scott is, therefore, a citizen of Tennessee and a citizen of Texas for purposes of CAFA and is therefore diverse from Plaintiff and all Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19.   The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

20.   The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Owens*, 574 U.S. at 89.  When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction.  *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

21.   Kendra Scott denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief.  Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22.   Plaintiff in her complaint "seeks damages and restitution" on behalf of her class, which she asserts will constitute a full refund for products that Plaintiff and her putative class members would not have purchased but for the alleged price reference misrepresentations.  (Compl. ¶¶ 20–21.)  Plaintiff's class is defined as including all persons who purchased any product from Kendra Scott's website at "a purported discount" while in California within the statute of limitations.  (*Id.* ¶ 23.)

23.   Therefore, Plaintiff's Complaint seeks restitution on behalf of all California purchases made over a three-year period.  Cal. Civ. Code § 1780; Cal. Bus. & Prof. Code § 17535.  While Kendra Scott denies that Plaintiff or any putative class

5

CASE NO.
NOTICE OF REMOVAL

members are entitled to relief, it acknowledges that gross revenues from the last three years to California addresses exceeds $5 million.

24.  Plaintiff further alleges that she will seek an injunction to modify Kendra Scott's prices to reflect "the market value of the products." (Compl. ¶ 22.) Under CAFA, "the potential cost to [Kendra Scott] of complying with the injunction" by auditing and modifying all of its prices "represents the amount in controversy for jurisdictional purposes relief." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

25.  Moreover, Plaintiff seeks an award of all "attorneys' fees and costs as allowed by law." (Compl. at Prayer.) Attorneys' fees are authorized under the CLRA and should therefore be included in the amount in controversy. Cal. Civ. Code § 1780(d) (authorizing recovery of attorneys fees for "prevailing plaintiff").

26.  Plaintiffs' counsel are likely to expend significant time on this matter due to nature of the purportedly false reference pricing alleged on the Website, as well as the fees, briefings, and other expenditures associated with Plaintiff's class allegations. Plaintiff further makes allegations involving the effect of false reference pricing on reasonable consumers, which would necessitate expert discovery. (*See* Compl. ¶¶ 13–18.) These too should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

27.  Finally, Plaintiff's claim for all available relief includes punitive damages, further adding to the amount in controversy. Cal. Civ. Code § 1780(a)(4) (authorizing punitive damages); *Bayol v. Zipcar, Inc.*, No. 3:14-cv-02483, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to find CAFA jurisdiction).

28.  Kendra Scott denies that Plaintiff is entitled to any monetary, equitable,

6

CASE NO.
NOTICE OF REMOVAL

1  or other damages whatsoever, nor to injunctive relief or attorneys' fees, but the
2  potential for each form of damages alleged would elevate the amount in controversy
3  well above the $5,000,000 CAFA statutory minimum.

## REMOVAL IS PROCEDURALLY PROPER

29. Removal is timely because Kendra Scott filed this notice within thirty days of the time when Kendra Scott accepted service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1) and because the action was filed in State Court on July 7, 2025.

30. Removal to this Court is proper because the United States District Court for the Southern District of California embraces the location where the State Court Action was commenced and is pending—San Diego, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

31. Kendra Scott submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

32. Kendra Scott will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

33. Kendra Scott will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Diego in accordance with 28 U.S.C. § 1446(d).

DATED: August 5, 2025

KELLEY DRYE & WARREN LLP
Rebecca B. Durrant (SBN 350444)

By: */s/ Rebecca B. Durrant*
Rebecca B. Durrant

*Attorneys for Kendra Scott, LLC*